IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. WHITTAKER, et al., | ) |
| Plaintiff(s), | ) |
| v. | ) Civil Action No. 04-1092 |
| COUNTY OF LAWRENCE, et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM OPINION**

I. **Background and Procedural Posture**

This consolidated action arises out of eminent domain proceedings initiated by Defendant Redevelopment Authority of Lawrence County ("RALC") against properties owned by Plaintiffs Thomas R. And Christy L. Whittaker and David Hamilton ("Plaintiffs") in an area of Neshannock Township, Lawrence County referred to as Millenium Park. Plaintiffs Thomas R. And Christy L. Whittaker own a residence on approximately eighty-four acres of land in Millenium Park. Plaintiff David Hamilton, deceased, was the owner of a residence and commercial property on approximately two and one-half acres of land in Millenium Park. Defendants Lawrence County Economic Development Corporation ("LCEDC") and RALC entered into a "Millenium Park Eminent Domain Agreement" for the purpose of developing Millenium Park into a 1,200 acre high technology business park. To acquire Plaintiffs' properties for the development project, Defendant RALC obtained a "certification of blight" as to Plaintiffs' properties and, thereafter, pursued condemnation proceedings in the Court of Common Pleas of Lawrence County by filing a Declaration of Taking on July 29, 2004 and an Amended Declaration of Taking on September 23, 2004. Plaintiffs filed

timely Preliminary Objections to both the original Declaration and the Amended Declaration. Judge Thomas M. Piccione of the Lawrence County Court of Common Pleas issued an Order on June 15, 2007 sustaining in part and denying in part Plaintiffs' preliminary objections. In relevant part, Judge Piccione held that the preliminary objections contesting the validity of the condemnations at issue were overruled. Judge Piccione's order was amended on June 18, 2007, but the rulings contained therein remained substantively the same. Plaintiffs have appealed the decision of the Court of Common Pleas to the Commonwealth Court. In addition, RALC indicated to this Court during a status conference on August 31, 2007, that it intended to appeal the unfavorable portion of the Court of Common Pleas' decision.

In the present case, Plaintiffs claim that Defendants failed to follow prerequisite procedures to establish that the properties are blighted and that there is no evidence to support the finding of blightedness. (*See, e.g.* Document No. 11, Amended Complaint in Civil Action, "Complaint" at ¶¶ 36-48). Plaintiffs further claim Defendants' condemnation proceedings are pretext to seize the Plaintiffs' properties for private use. *Id.* at ¶ 61. According to Plaintiffs, Defendants' actions violate the Fifth Amendment prohibition against unlawful takings, the Fourteenth Amendment guarantee of equal protection, the Fifth Amendment guarantee of due process and corresponding Pennsylvania Constitutional guarantees. *See generally*, Complaint. Plaintiffs seek declaratory relief, injunctive relief, monetary damages, punitive damages and attorneys' fees and costs. *Id.* at p. 17.

Before this Court are two competing motions. Plaintiffs filed a Motion for Renewed Request to Lift Stay ("Plaintiffs' motion") [DE 58] arguing, *inter alia*, that the Court's reasons for imposing the stay of these proceedings have been resolved and the Plaintiffs now have the right to proceed with their claims in federal court. Defendants, however, filed Motions to Administratively Close

The Case ("Defendants' Motion") [DE 59, 60][1], arguing, *inter alia*, that the Court's reasons for imposing the stay of these proceedings have been resolved in favor of Defendants and further litigation in federal court would be duplicative and needless. Accordingly, Defendants argue, this case is ripe for administrative closure.

## II.   Plaintiffs' Motion

Where jurisdiction is properly conferred, a federal court's obligation to adjudicate a case is "virtually unflagging." *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992) (citing *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 357-60 (1989)). Even where simultaneous litigation of similar issues in both state and federal courts exist, litigation may proceed in both courts until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action. *Univ. of Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir. 1991).

Under certain circumstances, however, federal courts may abstain and defer to concurrent state proceedings addressing the same issue. *Id.* For example, the *Colorado River* abstention doctrine permits a federal court to abstain from its exercise of jurisdiction over a case where "wise judicial administration" dictates such abstention. *Id.* (citing *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976)). However, abstention pursuant to this doctrine is available only in exceptional cases, "with the balance heavily weighted in favor of the exercise of

---

[1]Defendants County of Lawrence, Lawrence County Economic Development Corporation and the Redevelopment Authority of Lawrence County filed a motion seeking administrative closure at Document Number 59. Defendant Township of Neshannock filed a motion requesting the same relief at Document Number 60. Because both motions request the same relief and require the same analysis, the Court will address these motions simultaneously as "Defendants' Motion."

3

jurisdiction." *Id.* (citing *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

In addition, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), a federal court has discretion to abstain from exercising jurisdiction over a claim where resolution of that claim in federal court would offend the principles of comity by interfering with an ongoing state proceeding. *Addiction Specialists, Inc. v. Tp. of Hamilton*, 411 F.3d 399, 408 (3d Cir. 2005). As set forth below, neither the *Colorado River* nor the *Younger* abstention doctrine supports abstention of this Court in the present case.[2]

### A.   *Colorado River Abstention Doctrine*

Pursuant to the *Colorado River* abstention doctrine, the Court must first determine whether the state and federal cases are parallel. *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 223 (3d Cir. 1994). Generally, state and federal court cases are parallel where they involve the same parties and claims. *Id.* However, where cases are not truly duplicative, they "do not invite *Colorado River* deference." *Id.* In this case, the Court holds that the federal and state law suits are not parallel proceedings. While both cases involve identical facts and some identical issues, the federal case raises causes of action pursuant to 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments of the United States Constitution and corresponding Pennsylvania Constitutional guarantees which were not raised in the state action. This difference is sufficient to preclude the application of the *Colorado River* Doctrine. *Kaehly v. City of Pittsburgh*, 96-832, 1997 WL 306883 *6 (W.D.Pa., March 3, 1997) (while state and federal claims overlapped to some extent, plaintiff's claims pursuant to

---

[2] Plaintiffs also state, and this Court concurs, that the abstention doctrines set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941) are not applicable to this case. Moreover, Defendants do not dispute that these abstention doctrines are inapplicable in this case. Accordingly, the Court will not analyze these doctrines in this memorandum.

antitrust laws and 42 U.S.C. § 1983 rendered the state and federal lawsuits not duplicative).[3]

### B.   *Younger Abstention Doctrine*

Abstention pursuant to the *Younger* doctrine is appropriate only where the following requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *Addiction Specialists, Inc.*, 411 F.3d at 408 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the present case, the second prong of the *Younger* test is dispositive of this issue. In *Addiction Specialists*, an owner of a methadone clinic brought a federal court action against a township alleging that a state law and a township ordinance and action violated various constitutional rights. Concurrently, the plaintiff filed an appeal from the township's zoning decision with the Court of Common Pleas of Allegheny County, Pennsylvania. The federal district court judge dismissed plaintiff's claims, holding that the *Younger* abstention doctrine applied. The Third Circuit held that the district court abused its discretion in abstaining from plaintiff's claims that the township, through its actions violated the plaintiff's constitutional and statutory rights because such claims did not implicate important state interests. *Id.* at 410-11; *see also Hemlock Crossing, LLC v. Logan Twp.*, 2007 U.S. Dist. LEXIS 26055 (W.D.Pa., Apr. 9, 2007) (court declined to abstain where claims were based upon constitutional rights). Similarly, in the present case, Plaintiffs claim violations of their constitutional and statutory rights, and that Defendants have conspired to violate such rights. Such constitutional rights do not implicate important state interests and therefore, do

---

[3]Because the Court has determined, as a threshold issue, that the federal and state cases at issue are not parallel, the Court need not consider the remaining factors set forth pursuant to the *Colorado River* doctrine.

not merit abstention by this Court. Accordingly, Plaintiffs' Motion is GRANTED.[4]

### III. Defendants' Motions

Defendants' Motions seeks to administratively close this case given the current procedural posture of the state court action, that is, Plaintiffs' appeal of Judge Piccione's decision will likely be "tied up" in the Pennsylvania appellate courts for at least 18 months, and possibly for as long as four years. (Defendant's Motions, DE 60 at ¶ 10 and DE 59 at ¶ 9). Administrative closure is appropriate only where a case is dormant but final resolution has not been reached. *Penn West Assoc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004). Often administrative closure is appropriate where further action by the federal court is not desired by either party, *Mercer v. Allegheny Ludlum Corp.*, 132 F.R.D. 38 (W.D.Pa. 1990), or where the parties represent to the court that the case has settled. *Penn West Assoc.*, 371 F.3d at 122.[5] None of these circumstances are present here. In fact, as set forth above, this case is far from dormant, as this Court may now properly consider Plaintiffs' constitutional and statutory claims. Accordingly, Defendants' Motions are DENIED.

---

[4]As to Defendants' argument that this Court cannot exercise jurisdiction over this case because the decision of the court in Lawrence County creates a res judicata or collateral estoppel effect on this action, the Court holds that res judicata and collateral estoppel are defenses that Defendants may articulate in later motions related to this case. The tests for *Colorado River* and *Younger* abstention, however, do not provide the Court with an avenue to consider whether res judicata or collateral estoppel precludes Plaintiffs' claims. Accordingly, the Court does not opine as to whether Plaintiffs' claims are barred because of res judicata or collateral estoppel.

[5]As noted by the Defendants in the County Defendants' Brief in Opposition to Plaintiffs' Renewed Motion to Lift Stay ("Defendants' Response") (Document No. 61), on remand, Judge Schwab stayed and administratively closed the case of *Addiction Specialists*. Pursuant to the Order of Court administratively closing that case, attached to Defendants' Response as Exhibit A, the parties agreed that a stay was warranted in that case, pending the outcome of parallel state proceedings.

IV. **Defendants' Motion to Require Plaintiffs to File an Updated, Consolidated Amended Complaint.**

Defendants' Response [DE 61] requests, in the alternative, an order requiring Plaintiffs to file an updated, consolidated complaint in light of the fact that this case is now a consolidated action and given the Supreme Court's decision in *Kelo v. City of New London*, 545 U.S. 469 (2005). Defendants, however, have not articulated any authority in support of this request, nor has the Court found any authority supporting the same. Indeed, as set forth by Plaintiffs in their Brief in Opposition to Request to Require Plaintiffs to File One Updated, Consolidated Amended Complaint, such a request is procedurally inappropriate. *See, e.g. Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d. Cir. 2006). Accordingly, Defendants' request is DENIED.

V. **Conclusion**

In light of the above opinion, Plaintiffs' Motion [DE 58] is GRANTED. Defendants' Motions [DE 59, 60] are DENIED. An appropriate order follows.


Dated: October 15, 2007.


*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge