IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. WHITTAKER, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-01092 |
| | ) | |
| COUNTY OF LAWRENCE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

AND NOW, this 24th day of January, 2008, upon consideration of the Motion of Defendants Robert Del Signore, Sr. and Linda Nitch to Dismiss or, in the Alternative, for More Definite Statement (Including Qualified Immunity) [DE 71], the Motion of Defendant Lawrence County Economic Development Corporation to Dismiss Amended Complaint [DE 73], the Motion of Defendant Lawrence County Economic Development Corporation to Dismiss Amended Complaint [DE 75], Motion to Dismiss or, in the Alternative, for more Definite Statement [DE 80] and the Township Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) [DE 82], as well as the Plaintiffs' Brief in Opposition to Defendants' Motions to Dismiss and the Defendants' respective replies, the Court GRANTS the pending motions to dismiss.

The Court notes the dearth of facts (or even allegations) pled by the Plaintiffs in support of *all* their claims against the individual named Defendants, and in particular as to the civil conspiracy count. *See Warren v. Township of Derry*, Civil Action No. 1:04-CV-2798, 2007 WL 870115, at *9 (M.D. Pa. March 20, 2007) (citing *Farber v. City of Patterson*, 440 F.3d 131, 134 (3d Cir. 2006) (To establish a prima facie case under § 1985(3), a plaintiff must prove that: (1) defendants engaged in a conspiracy, (2) the conspiracy's purpose was to deprive either directly or indirectly, any person or

class of persons of equal protection of the laws, or equal privileges and immunities under the laws, (3) defendants committed an act in furtherance of the conspiracy, and (4) defendants' actions resulted in an injury to the plaintiff's person or property or a deprivation of the plaintiff's rights or privileges as a United States citizen). Moreover, the Court notes the absence of facts in support of Plaintiff's Fourteenth Amendment equal protection claim as to *all* Defendants insofar as Plaintiffs have failed to plead sufficient facts in support of intentional discrimination as well as the presence of "similarly situated" comparables. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Finally, the Court notes that, despite counsel for the Plaintiffs' representation at the January 4, 2008 motion hearing, based on the Court's review of the Plaintiffs' respective complaints, none of the Plaintiffs' have pled a claim for substantive due process.

However, considering the age of the filing of the original complaints as well as the Supreme Court's recent ruling in *Bell Atlantic Corporation v. Twombly*, --- U.S. ---, ---, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) as to the appropriate pleading standard, the guidance of which the Plaintiffs did not have the benefit when filing their original respective complaints, the Court grants the Plaintiffs leave to re-file **one unified** complaint within ninety (90) days of the instant Order, or on or before April 23, 2008, in which the Plaintiffs shall clearly and unequivocally specify which claims apply to which defendants. From the date of the filing of Plaintiffs' anticipated amended complaint, Defendants shall have sixty (60) days within which to file an answer or otherwise respond. In the interests of judicial economy and efficiency, the Court encourages the Defendants to file one unified responsive pleading or motion.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.